# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**

**v.**

**Staff Sergeant ROBERT L. McCULLOUGH**
**United States Army, Appellant**

ARMY 20090206

Headquarters, Joint Readiness Training Center and Fort Polk
Charles Hayes, Military Judge
Lieutenant Colonel Paula Schasberger, Acting Staff Judge Advocate (pretrial
& recommendation)
Colonel Keith C. Well, Staff Judge Advocate (addendum)

For Appellant: Frank J. Spinner, Esquire (argued); Captain Brent A. Goodwin, JA;
Frank J. Spinner, Esquire (on brief).

For Appellee: Major Adam S. Kazin, JA (argued); Colonel Michael E. Mulligan, JA;
Major Amber J. Williams, JA; Major Adam S. Kazin, JA; Captain Ryan D. Pyles, JA
(on brief).

13 August 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of carnal knowledge with a person under the age of sixteen and one specification of adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for three years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority reduced the sentence of confinement to three years and four months and disapproved the adjudged forfeiture of all pay and allowances. The convening authority approved the remainder of the adjudged sentence and granted appellant's request to waive automatic forfeitures for six months.

McCULLOUGH—ARMY 20090206

On 7 June 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. McCullough*, ARMY 20090206, 2011 WL 2279623 (Army Ct. Crim. App. 7 June 2011) (mem. op.). On 29 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 19 December 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. McCullough*, ARMY 20090206, 2011 WL 6400551 (Army Ct. Crim. App. 19 Dec. 2011) (summ. disp.). On 10 July 2012, our superior court reversed our decision as to Charge II and its Specification and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

Much like the specification at issue in *Humphries*, it was plain and obvious error for the government to fail to allege the terminal elements of Article 134, UCMJ, in the adultery specification at issue in this case. *See Humphries*, 71 M.J. at 214. Nonetheless, while Charge II and its Specification was defective and this defect affected appellant's constitutional right to notice under the Fifth and Sixth Amendments, "it does not constitute structural error subject to automatic dismissal." *Id.* at 212. Instead, we must resolve "whether the defective specification resulted in material prejudice to [appellant's] substantial right to notice." *Id.* at 215. To resolve this issue, we must closely review the trial record. *Id.*

Close review of the trial record in this case reveals that appellant was on notice of the missing terminal elements and that the terminal elements were "essentially uncontroverted." *Id.* at 215-16. The government called Special Agent (SA) MB as its second witness. At one point during SA MB's direct-examination, the government asked him what effect appellant's offenses had on the community. Appellant's defense counsel immediately objected, and the military judge sustained this objection. The government then asked for an Article 39(a), UCMJ, session outside the presence of the panel members. At this Article 39(a), UCMJ, session, the government stated their intent to introduce evidence from SA MB in order to prove the terminal elements associated with the adultery specification at issue.

Ultimately, the military judge ruled that the government would have to prove the terminal elements "in some other way from some other witness other than Special Agent [MB]." After the military judge confirmed that the government understood his ruling, the following exchange took place:

> CDC: Can I have one brief comment in the meantime, Your Honor.

2

MJ: You certainly may.

CDC: And this is without even checking with co-counsel or my client. But we are here to stipulate that if indeed Sergeant McCullough had sexual intercourse with a 13 year-old girl, that is—and I am not amending the exact words, but that is not good military actions.

MJ: That it would be prejudicial to good order and discipline or service discrediting.

CDC: It definitely would be. In my cross examination of the accuser, I said it's disgusting it's despicable. So if indeed the panel found out that he did this we are going to concede to that element.

Under the facts of this case, we are convinced that the record of trial demonstrated appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government. *See Humphries*, 71 M.J. at 216 (finding that "[n]either the specification nor the record provides notice of which terminal element or theory of criminality the Government pursued in this case"). Therefore, appellant did not suffer prejudice from the omission of the terminal elements in Charge II and its Specification.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3